UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | 4:17-cr-00651-18 |
| | § | |
| HECTOR REYNA | § | |

**DEFENDANT HECTOR REYNA'S OPPOSED**
**MOTION TO DISMISS**

TO THE HONORABLE CHARLES ESKRIDGE:

COMES NOW DEFENDANT HECTOR REYNA, pursuant to Fed. R. Crim. Pro. 12(b)(3)(B)(i),[1] and moves to dismiss Counts One and Two of the Indictment against him with prejudice and shows:

## I.   Introduction

Hector Reyna is Charged in Counts 1 and 2 of the Indictment. Dkt. 1 at pp. 8-10. Count Two of the Indictment charges Defendant Hector Reyna and others with violating 18 U.S.C. §1591(a), (b), and (c) and § 2. Dkt. 1 at pp. 9-10. Count 1 alleges a conspiracy to violate § 1591. Dkt. 1 at pp. 8-9. The text of the substantive offense statute, 18 U.S.C. § 1591(a), however, contains at least two distinct crimes

---

[1] "(3) *Motions That Must Be Made Before Trial.* The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:…(B) a defect in the indictment or information; including;(i) joining two or more offenses in the same count (duplicity)." Fed. R. Crim. Pro. 12(b)(3)(B)(i).

1

(a)(1) and (a)(2). Each of these contains multiple manners and means of commission. All are alleged in the text of Count Two, which renders it duplicitous and, both it and the accompanying conspiracy, subject to dismissal before trial.

## II.   Argument and Authorities

An indictment is duplicitous if it joins in a single count two or more distinct offenses. *United States v. Sharpe,* 193 F.3d 852, 866 (5th Cir. 1999). If an indictment is duplicitous and prejudice results, the conviction may be subject to reversal. *See United States v. Baytank (Houston), Inc.*, 934 F.2d 599, 608 (5th Cir. 1991). Objections to the indictment, including duplicity, must be raised prior to trial. *Id.* at 609*;* Fed. R. Crim. Pro. 12(b)(3)(B)(i). There is good reason for this rule.

The impermissible dangers of a duplicitous indictment include (1) that the defendant may not be notified of the charges against him, (2) that he may be subject to double jeopardy, (3) that he may be prejudiced by evidentiary rulings during trial, and (4) that he may be convicted by less than a unanimous verdict. *See United States v. Robin,* 693 F.2d 376, 378 (5th Cir. 1982). Count Two of the Indictment subjects Defendant Hector Reyna to all these dangers.

Count Two alleges:

Beginning on or before February 1, 2013, and continuing until on or about May 31, 2013, in the Southern District of Texas, [Defendant Hector Reyna], aided and abetted by each other, and by other persons, did knowingly, in an [sic] affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, maintain, patronize, and solicit NGL, a person that had not attained the age of 18 years, and

benefitted financially and by receiving anything of value from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, and soliciting by any means NGL, knowing and in reckless disregard of the fact that (1) means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause NGL to engage in a commercial sex act, and (2) NGL, whom defendants had a reasonable opportunity to observe, had not attained the age of 18 years and would be caused to engage in a commercial sex act. In violation of Title 18, United States Code, Sections 1591(a), (b), and (c) and 2.

- Dkt. 1 at pp. 9-10.

The distinct crimes at 18 U.S.C. §1591(a)[2] may be summarized as follows: Subsection (a)(1) is the commission of one or more acts of trafficking, whereas (a)(2) is benefiting financially from those (a)(1) acts. Each has different manners and means of commission. However, they are different crimes because (a)(2) adds an additional element – the financial benefit, not present in (a)(1).[3] Count Two of the

---

[2] 18 U.S.C. § 1591 (a) reads:
(a) Whoever knowingly—
(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

[3] *See also* Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 2.68 ("Sex Trafficking 18 U.S.C. § 1591(a)") (2019) (treating 18 U.S.C. 1591(a)(1) as a

Indictment alleges both subsections, (a)(1) and (a)(2) with every possible manner and means, incorporating all the statutory text from § 1591(a)(1) and (2).[4]

As a result, Count Two of the Indictment: a) fails to provide particular notice to Defendant Hector Reyna of what he is alleged to have done or benefitted from; b) may allow prejudicial irrelevant evidence to be admitted at trial; and c) will cause a jury to convict Hector Reyna without any unanimity as to what criminal act(s) were committed – jurors or sets of jurors may reach different conclusions from the possibilities, thereby depriving Reyna of the constitutional right to a unanimous verdict. *See Robin,* 693 F.2d at 378.   For those reasons, the Court should dismiss Count Two.

Concomitantly, because the allegations in Count 1 (which alleges a Conspiracy to violate 18 U.SC. § 1591 in violation of §1594(c)) mirror those in Count 2, it is likewise defective and should also be dismissed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant HECTOR REYNA respectfully requests the Court dismiss Count 2 of the Indictment against him with

---

distinct offense with different manners and means of commission that may necessitate an unanimity instruction, referencing no. 1.27.).

[4] It should be noted that although Count Two presents a tangled mire of duplicitous allegations, Counts Three through Six each allege § 1591(a) violation without duplicity. The Government clearly knew how to charge §1591 violations, but for whatever reason, failed to do so correctly in Count Two.

prejudice and grant him any other relief to which he may be entitled at law or in equity.

        Respectfully submitted,

        **HILDER & ASSOCIATES, PC**

        /s/ *Q. Tate Williams*
        Q. Tate Williams
        Texas Bar No. 24013760
        SDTX No. 26023
        819 Lovett Blvd.
        Houston, TX 77006
        (713) 655-9111
        tate@hilderlaw.com

## Certificate of Service

I certify that I provided a copy of this Motion to Dismiss Count Two of the Indictment to all parties via the ECF system on December 15, 2023.

/s/ *Q. Tate Williams*
Q. Tate Williams

## Certificate of Conference

Today, December 15, 2023, AUSA Goldman was contacted by S. Buckley regarding this and another motion by electronic mail copied to undersigned counsel. The Government did not relate their position regarding the motion to dismiss. It should be treated as opposed.

/s/ *Q. Tate Williams*
Q. Tate Williams